UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-CR-10041-RWZ

UNITED STATES OF AMERICA

v.

JOSE ILARRAZA

MEMORANDUM & ORDER

April 29, 2020

ZOBEL, S.D.J.

On October 9, 2018, defendant pled guilty to one count of conspiracy to deal in firearms without a license in violation of 18 U.S.C. § 371 and one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). He was sentenced to fifty months imprisonment followed by three years of supervised release.

The matter is before me now on his Emergency Motion for Compassionate Release Because of the Coronavirus Pandemic (Docket #143) pursuant to 18 U.S.C. § 3582(c), which the government opposes.

Defendant is currently incarcerated at FCI Butner Medium in Granville, North Carolina. According to the Bureau of Prisons ("BOP") website, Butner Medium has reported that 208 inmates and 13 staff members have tested positive for COVID-19. There have been five inmate deaths at the facility. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/, (last accessed April 29, 2020).

Defendant's scheduled release date is October 6, 2021.

Before addressing the merits of defendant's motion, it is necessary to address Section 3582(c)(1)(A), which requires that defendant exhaust administrative remedies prior to moving for a modification of sentence. Defendant argues that the court has discretion to waive the exhaustion requirement because it would be futile under present COVID-19 circumstances. The government opposes the waiver but does not address the merits of defendant's request for a futility exception.

"Application of the exhaustion doctrine is intensely practical." Bowen v. City of New York, 476 U.S. 467, 484 (1986) (internal quotation marks and citations omitted). "Even where exhaustion is seemingly mandated by statute…, the requirement is not absolute." Washington v. Barr, 925 F.3d 109,118 (2d Cir. 2019) (citing McCarthy v. Madigan, 503 U.S. 140, 146-47 (1992)). The failure to exhaust may be excused where "it would be futile . . ., the administrative process would be incapable of granting adequate relief . . ., [or] pursuing agency review would subject plaintiffs to undue prejudice." Barr, 925 F.3d at 118-19.

All three exceptions apply to the exhaustion requirement here. "Undue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile." Barr, 925 F.3d at 120. The allegations in his motion, if proven, show that defendant is at an increased risk of contracting COVID-19 with every passing day.

The administrative process also fails to provide defendant adequate relief. Defendant requests a reduction in sentence. Even if the Bureau of Prisons were to agree that he is entitled to such relief, only the court can effectuate such a reduction under 18 U.S.C. § 3582(c)(1)(A). See United States v. Soto, No. 1:18-CR-10086-IT, 2020 WL 1905323, at *5 (D. Mass. Apr. 17, 2020) (waiving the thirty-day waiting period

because the procedures for compassionate release under the First Step Act "determine whether the Defendant will have the BOP's assistance in bringing his motion, or not" but nevertheless require "a judicial order . . . to modify an imposed term of imprisonment.")

Lastly, defendant would be subject to undue prejudice if the court were to require exhaustion. If administrative exhaustion is inadequate and would cause "impending and irreparable injury," exhaustion must be waived. See Barr, 925 F.3d at 119 (citing Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 773-74 (1947)). The government acknowledges and defendant's motion describes in detail the heightened risk of contracting COVID-19 at Butner Medium, and the severe consequences and irreparable harm that could result (Docket #143 and Docket #144).

Furthermore, "the ultimate decision of whether to waive exhaustion should . . . be guided by the policies underlying the exhaustion requirement." Bowen, 476 U.S. at 484. The original compassionate release statute only permitted judicial relief upon a motion by the Director of the Bureau of Prisons. See Sentencing Reform Act of 1984. As amended, the First Step Act allows defendants two avenues by which to petition for modification of imprisonment. 18 U.S.C. § 3582(c)(1)(A). Defendant can request that the BOP bring a motion for compassionate release on his behalf. Id. Alternatively, defendant can file a motion in court if the warden ignores his request for compassionate release for thirty days. Id. The alternative option added to Section 3582(c) "evinces congressional intent that a defendant has a right to a prompt and meaningful judicial determination of whether she should be compassionately released, regardless of whether administrative remedies have been exhausted." United States v. Russo, No. 16-CR-441 (LJL), 2020 WL 1862294, at *6 (S.D.N.Y. Apr. 14, 2020) (concluding that the

court had jurisdiction to review defendant's motion under Section 3582(c) even though defendant had not fully exhausted administrative remedies). Indeed, the thirty-day provision serves as "an accelerant to judicial review." Id. It would "pervert congressional intent" to hold to the strict bounds of the thirty-day waiting period given that lawmakers could not at the time contemplate the fast-spreading nature and irreparable harm caused by COVID-19. Id.

Attorney General Barr required the Bureau of Prisons on March 26, 2020 to "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." Memorandum from Attorney General William Barr to Director of Bureau of Prisons (March 26, 2020). On April 3, 2020, Attorney General Barr issued another memorandum "directing [the BOP] to immediately review all inmates who have COVID-19 risk factors as established by the CDC," starting with those inmates incarcerated at facilities where COVID-19 is materially affecting operations. Memorandum from Attorney General William Barr to Director of Bureau of Prisons (April 3, 2020). "And now that I have exercised my authority under the CARES Act, [BOP] review should include all at-risk inmates—not only those who were previously eligible for transfer." Id. A BOP Press Release following Attorney General Barr's second memorandum states that "inmates do not need to apply to be considered for home confinement." Press Release, Bureau of Prisons, Update on COVID-19 and Home Confinement (April 5, 2020).

The BOP has been on notice of the need to review home confinement eligibility for the inmates at FCI Butner, including Mr. Ilarraza, since at least April 3, 2020.

For the foregoing reasons, the court may exercise its discretion to waive the Section 3582(c) exhaustion requirements. An expedited hearing is scheduled on May 6, 2020 at 11:00 AM to hear the evidence pertaining to the motion.

It is so ordered.

|  |  |
|---|---|
| April 29, 2020 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |