UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-CR-10041-RWZ

UNITED STATES OF AMERICA

v.

JOSE ILARRAZA

MEMORANDUM & ORDER

MAY 13, 2020

ZOBEL, S.D.J.

Defendant Jose Ilarraza filed an Emergency Motion for Compassionate Release Because of the Coronavirus Pandemic (Docket #143) pursuant to 18 U.S.C. § 3582(c), which the government opposed. The court waived the § 3582(c) exhaustion requirement based on the urgency of Defendant's request, Docket #147, and heard the parties on the evidence pertaining to the motion at an expedited hearing on May 6, 2020.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a motion for compassionate release may only be granted after considering the sentencing factors set forth in section 3553(a) to the extent that they are applicable and after a determination that there are "extraordinary and compelling reasons" to warrant a sentence reduction consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

A. <u>Factors under 18 U.S.C. § 3553(a)</u>

Mr. Ilarraza pled guilty to two counts of an indictment charging him with conspiracy to deal in firearms without a license in violation of 18 U.S.C. § 371 and dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). He was sentenced to a term of imprisonment of 50 months and a period of supervised release of three years, based on the seriousness of the offenses, defendant's significant role in organizing the sale of the firearms, his considerable criminal history (category VI) at age 20, his dangerousness to the community, and the deterrent effect of that sentence.

A reduction of sentence at this stage would undermine each stated purpose of defendant's term of imprisonment. Defendant will have served only two-thirds, or 33 months, of the imposed sentence, which was less than half of the statutory maximum sentence of 120 months and substantially lower than the guideline range. Furthermore, defendant will have served a lesser sentence than his co-defendants despite having started the firearm dealing enterprise.

B. <u>Extraordinary and Compelling Reasons for Reduction in Sentence</u>

Under the applicable policy statement from the Sentencing Commission, a movant for compassionate release must show extraordinary and compelling reasons for a sentence reduction by establishing he is (1) "suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," (2) "at least 65 years old," or (3) requesting release to serve as a caregiver for a minor child or an incapacitated spouse. Application Note (1)(A) to USSG, § 1B1.13.

The movant may also present evidence of another extraordinary and compelling reason "[a]s determined by the Bureau of Prisons." Id.  In response to the COVID-19 pandemic, Attorney General Barr expanded the Bureau of Prison's use of home confinement for "all at-risk inmates—not only those who were previously eligible for transfer." Memorandum from Attorney General William Barr to Director of Bureau of Prisons (April 3, 2020).  Specifically, the Attorney General instructed the Bureau of Prisons to prioritize for home confinement those defendants whose age and vulnerability place them at a heightened risk of contracting and suffering severe complications from the virus.  Memorandum from Attorney General William Barr to Director of Bureau of Prisons (March 26, 2020).

Mr. Ilarraza claims there are extraordinary and compelling reasons for a sentence reduction because FCI Butner Medium, where he is incarcerated, has an increasing number of COVID-19 cases.

The evidence showed that FCI Butner Medium has one of the highest concentrations of positive COVID-19 cases amongst all federal prisons.  Federal Bureau of Prisons –COVID 19 Cases, https://www.bop.gov/coronavirus, (last accessed on May 13, 2020) (reporting 197 positive inmates, 13 positive staff, and 7 deaths at FCI Butner Medium).  However, that fact alone is not a basis for the "indiscriminate release of thousands of prisoners." Memorandum from Attorney General William Barr to Director of Bureau of Prisons (April 3, 2020).  Defendant concedes that his age and health do not make him any more vulnerable than other inmates in his unit at FCI Butner.  Defendant is twenty-one years old; he has no known medical issues.  He also has no history of illnesses such as cancer, asthma, or diabetes.  No one in his unit has

tested positive for COVID-19 and neither he nor his cell mate have displayed any symptoms. He eats his meals in his cell, and he can shower as often as he wishes.

For the foregoing reasons and based on the evidence, I find that Mr. Ilarraza does not have an extraordinary or compelling reason to justify a reduction in sentence. The motion is DENIED without prejudice to renewal should there be a significant change in defendant's health or conditions of confinement.


|   May 13, 2020   |   /s/ Rya W. Zobel   |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |